# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 12-812V
July 3, 2013
Not for Publication

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JOSEPH LERRO and BRITTANY LERRO,      \* <br> Legal Representatives of the Estate of      \* <br> JOSEPH N. LERRO, deceased,      \* <br>      \* <br> Petitioners,      \* <br>      \* <br> v.      \* <br>      \* <br> SECRETARY OF HEALTH      \* <br> AND HUMAN SERVICES,      \* <br>      \* <br> Respondent.      \* <br>      \* | Damages decision based on stipulation; DTaP, HiB, IPV, Prevnar, rotavirus vaccines; injuries and death |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Barbara D. Bonar, Covington, KY, for petitioners.
Lisa A. Watts, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On July 3, 2013, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms.   Petitioners allege that their son Joseph N. Lerro ("Joey") suffered injuries and death due to diphtheria-tetanus-acellular pertussis (DTaP), haemophilus influenza type B (HiB), inactivated polio (IPV), pneumococcal (Prevnar), and rotavirus vaccines which Joey received on January 23, 2012.   Respondent denies that Joey's injuries and death were caused by DTaP, HiB, IPV, Prevnar, and/or rotavirus vaccines.   Nonetheless, the parties agreed to resolve this matter informally.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).   Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein.   Pursuant to the stipulation, the court awards petitioners a lump sum of **$235,000.00** representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).   The award shall be in the form of a check for **$235,000.00** made payable to petitioners as administrators/executors of Joey's estate.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: July 3, 2013                                                s/Laura D. Millman
                                                                                Laura D. Millman
                                                                                Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JOSEPH LERRO and BRITTANY LERRO, ) <br> Legal Representatives of the Estate of, ) <br> JOSEPH N. LERRO, deceased, ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH ) <br> AND HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> ) | **ECF** <br><br> No. 12-812V <br> Special Master <br> Laura D. Millman |

STIPULATION

The parties hereby stipulate to the following matters:

1. Joseph and Brittany Lerro ("petitioners") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34, as amended (the "Vaccine Program"), on behalf of their deceased son, Joseph N. Lerro ("Joey"). Petitioners seek compensation for injuries and death allegedly related to Joey's receipt of diphtheria-tetanus-acellular pertussis ("DTaP") vaccine, haemophilus influenzae type B ("HIB") vaccine, inactivated polio vaccine ("IPV"), rotavirus vaccine, and pneumococcal conjugate vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Joey received the DTaP, HIB, IPV, rotavirus, and pneumococcal conjugate vaccines on January 23, 2012.

3. The vaccines were administered within the United States.

1

4. Petitioners allege that Joey's physical condition deteriorated immediately after receipt of the vaccines on January 23, 2012, leading to his death on January 25, 2012.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on Joey's behalf as a result of his injuries and/or death.

6. Respondent denies that Joey's claimed injuries were caused by the DTaP, HIB, IPV, rotavirus, and/or pneumococcal conjugate vaccines, and denies that Joey's death occurred as the result of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $235,000.00 in the form of a check payable to petitioners as administrators/executors of Joey's estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

2

10. Payments made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as administrators/executors of Joey's estate under the laws of the State of Kentucky. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as administrators/executors of Joey's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as administrators/executors of Joey's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as administrators/executors of the estate of Joseph N. Lerro upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraph 8 and 9, petitioners, in their individual capacities, and as administrators/executors of Joey's estate, on behalf of themselves, Joey, and his heirs, executors, administrators, successors, and assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Joseph N. Lerro resulting from, or

3

alleged to have resulted from, the DTaP, HIB, IPV, rotavirus, and pneumococcal conjugate vaccines administered to Joey on January 23, 2012, as alleged by petitioners in a petition for vaccine compensation filed on November 26, 2012, in the United States Court of Federal Claims as petition No. 12-812V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP, HIB, IPV, rotavirus, and pneumococcal conjugate vaccines administered to Joey on January 23, 2012, caused him to suffer any injury; or that Joey's death on January 25, 2012, occurred as the result of a vaccine-related injury.

16. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of the estate of Joseph N. Lerro.

END OF STIPULATION

4

Respectfully submitted,

PETITIONERS:

JOSEPH LERRO

ATTORNEY OF RECORD FOR
PETITIONERS:

BARBARA D. BONAR, ESQ.
B. DAHLENBURG BONAR, P.S.C.,
3611 Decoursey Avenue
Covington, Kentucky
Tel: (859) 431-3333

BRITTANY LERRO

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

DATE: **7-3-2013**

ATTORNEY OF RECORD FOR
RESPONDENT:

LISA A. WATTS
Senior Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4099

5